

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

FILED

OCT 16 2019

JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

| | |
|---|---|
| RICHARD J. JANKOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-CV-50103 |
| v. | ) |
| | ) Honorable Joan H. Lefkow |
| DEAN FOODS COMPANY, and | ) |
| DEAN DAIRY HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## <u>JURY INSTRUCTIONS</u>

1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony. I have taken judicial notice of certain facts. You must accept those facts as proved.

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you: First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

In this case, one of the Defendants is a corporation and the other is a limited liability company. All parties are equal before the law. A corporation and a limited liability company are entitled to the same fair consideration that you would give any individual person.

A document entitled "Plaintiff's Economic Damages" (Plaintiff's Exhibit No. 102) is in evidence. The materials used to prepare this summary also are in evidence. It is up to you to decide if this summary is accurate.

I have decided to accept as proved the fact that the appropriate discount rate for determining the net present value of Plaintiff's lost pension is 2.58% as reflected in the document entitled "Plaintiff's Economic Damages" (Plaintiff's Exhibit No. 102).

You must now treat this fact as having been proved for the purpose of this case.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Each of your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

One of Plaintiff's claims in this lawsuit is brought under a federal law called the Americans with Disabilities Act. I will refer to the Americans with Disabilities Act as the ADA. Broadly speaking, the ADA makes it illegal for an employer who knows of a person's disability to discriminate against that person, if the person can do the essential functions of the job, and requires an employer to provide reasonable accommodation to the person to make it possible for the person to do a particular job for which the person is otherwise qualified.

In this case, Plaintiff claims that he was disabled as defined by the ADA, that Defendants failed to engage in good faith with him in the ADA-mandated interactive process, and that Defendants refused to return him to work in a position he was qualified to perform with or without "reasonable accommodation."

Defendants deny that Plaintiff was disabled as defined by the ADA. Defendants deny that they failed to engage in good faith with him in the ADA-mandated interactive process. Defendants deny that they refused to return him to work in a position he was qualified to perform with or without "reasonable accommodation."

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

Plaintiff claims that Defendants unlawfully failed to reasonably accommodate his disability. To succeed, Plaintiff must prove four things by a preponderance of the evidence:

1. Plaintiff had a disability or a record of a disability;

2. Plaintiff was qualified to perform the essential functions of an open or available job with or without an accommodation;

3. Defendants were aware of Plaintiff's disability;

4. Defendants failed to provide Plaintiff with a reasonable accommodation.

The term "disability" means a physical or mental impairment that "substantially limits" one or more major life activities. Plaintiff is limited in the major life activities of lifting or reaching. I will now instruct you in some of these terms in more detail. I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

### *(a) Substantially Limiting*

The impairment must substantially limit a major life activity. The impairment may be permanent, long-term, short-term, intermittent, or minor, as long as it substantially limits one of the major life activities in this case, lifting or reaching.

In determining whether Plaintiff's impairment substantially limits his ability to lift and/or reach, you should focus on Plaintiff's limitations compared to the general population.

### *(b) Definition of "Record Of"*

Plaintiff has "a record of a disability" if he has a record of an impairment that substantially limits his ability to perform one or more of the major life activities of lifting or reaching.

Plaintiff was "qualified" if, at the time he was released to return to work up through and including the termination of his employment, he had the skill, experience, education, and other requirements for an open or available job and could perform the essential functions of the job with or without reasonable accommodation.

An essential function is a fundamental duty required of a person in the job. Not all job functions are "essential." An essential function does not include the marginal or incidental functions of the position.

In deciding whether a function is essential or non-essential, you may consider:

- whether the reasons the position exists is to perform that function,
- the number of employees Defendants have to do that kind of work,
- the amount of time spent on the function,
- whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function,
- written job descriptions prepared by Defendants before Plaintiff sought the job, if any,
- Defendants' judgment about what is required,
- the consequences of not requiring an employee to satisfy that function, and
- the work experience of others who held position.

No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential and whether Plaintiff was qualified to do the job.

An employer is required to make "reasonable accommodation" for an employee with a disability. By reasonable accommodation, I mean the employer must make some change that will enable the employee with a disability to perform a job. An accommodation is "reasonable" if it lets the employee perform a job and the employer's cost would not significantly exceed the benefit to the employee.

A reasonable accommodation may include a change in such things as ordinary work rules, conditions, location, acquisition or modification of equipment, schedules, assigning non-essential functions of the job to another employee, or reassignment to an open or available position. An employer is not required, however, to excuse the employee from performing the essential functions of the job, or to give one or more of the essential functions to another employee.

Once an employer is aware of an employee's disability, the employer must individually assess the employee to determine whether he is qualified for a particular job with or without an accommodation. The employer and the employee, and, if necessary, with his doctor or other professional, must discuss whether there is a reasonable accommodation that will permit the employee to perform an open or available job. Both the employer and the employee with a disability must cooperate honestly and fairly in this interactive process.

You may consider whether Defendants' demand for a medical release was made honestly and fairly.

You may consider whether a party cooperated in the interactive process when deciding whether a reasonable accommodation existed, and whether to award punitive damages.

*Effect of Continuing Duty; Past Attempts to Accommodate*

Defendants' duty to provide a reasonable accommodation is a continuing one. You must evaluate the reasonableness of an accommodation as of the time it was requested. In this case that is from August 7, 2014 through February 22, 2016.

*Reassignment As A Reasonable Accommodation*

If no reasonable accommodation was available in Plaintiff's job, the ADA requires Defendants to identify the full range of other jobs for which the employee is qualified, with or without reasonable accommodations, and to assign him to an open or available job for which he is qualified. If the reassignment was practical and did not require Defendants to violate the seniority provision of the applicable Collective Bargaining Agreement, Defendants were required to make the reassignment. Defendants were not required to create a new job for Plaintiff.

*Reallocating Job Duties*

A reasonable accommodation may include transferring non-essential job duties to another employee. However, Defendants do not have to transfer essential job duties.

It is a violation of the ADA for an employer to reserve light duty positions for employees that have work-related injuries and not consider providing the same benefit to employees with disabilities that are not caused by a work-related injury.

If you decide Defendants violated the ADA in this manner, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, Defendants intentionally violated Plaintiff's rights.

A policy that requires a disabled employee to be able to perform 100% of their job duties before returning to work, as opposed to performing all the essential functions of their job, necessarily operates to exclude disabled people who are qualified to work, and constitutes a violation of the ADA.

If you decide Defendants violated the ADA in this manner, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, Defendants intentionally violated Plaintiff's rights.

Plaintiff claims that Defendants refused to recall Plaintiff back to work from August 7, 2014 to February 22, 2016 because of his activities protected by the clearly mandated public policy of Illinois as embodied in the Illinois Workers' Compensation Act ("IWCA") in violation of Illinois common law.

Plaintiff has the burden of proving each of the following propositions:

First, that Plaintiff was an employee of Defendants;

Second, that Defendants refused to recall Plaintiff back to work from August 7, 2014 to February 22, 2016 when they terminated his employment;

Third, that Plaintiff exercised his rights under the Illinois Workers' Compensation Act by any one or more of the following:

(1) reporting to Defendants he was injured at work,
(2) seeking and receiving reasonable and necessary medical treatment for the injuries he sustained at work,
(3) refusing to perform work that exceeded his medical restrictions,
(4) retaining a workers' compensation attorney to represent him in connection with his work injuries, and/or
(5) filing and prosecuting actions before the Illinois Workers' Compensation Commission, and then in the Circuit Court of Cook County and the Illinois Appellate Court.

Fourth, that Plaintiff sustained damages as a result of Defendants' refusal to recall him back to work and/or termination of his employment.

Fifth, that one or more of the reasons stated in paragraph "Third" above was the proximate cause of Defendants' refusal to recall Plaintiff back to work and/or the termination of his employment and resulting damages.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for Plaintiff on this claim. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven, then your verdict should be for Defendants on this claim.

When I use the expression "proximate cause," I mean the cause that, in the natural or ordinary course of events, produced the Plaintiff's injury.

If you find for Plaintiff on any of his claims, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the Defendants, taking into consideration the nature, extent, and duration of the injury. In this instruction, "injury" or "injuries" does not refer to the on-the-job injury Plaintiff suffered on October 5, 2009 or any previous on- the-job injury.

Your award must be based on the evidence and not speculation or guesswork. This does not mean, however, that compensatory damages under the ADA are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

1. The value of lost wages;

2. The monetary value of lost benefits;

3. The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained;

4. The loss caused by Defendants in Plaintiff's future earning capacity, i.e., the diminution in expected earnings in all future jobs due to reputational or other injuries.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

     If you decide for the defendants on all questions of liability, then you should not consider the question of damages.

Defendants argue that Plaintiff's claim for lost wages and benefits as a result of his termination should be reduced by the amount of wages Plaintiff could have received if he found comparable employment. If you find that

1. Plaintiff did not take reasonable actions to reduce his damages, and

2. that Plaintiff reasonably might have found comparable employment if he had taken such action,

you should reduce any amount you might award Plaintiff for lost wages and benefits by the amount Plaintiff reasonably would have earned during the period for which you are awarding lost wages and benefits.

Defendant must prove both that the reduction should be made and its amount.

If you find for Plaintiff on any of his claims under the ADA, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish Defendants for their conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages under the ADA should be assessed against Defendants. You may assess punitive damages only if you find that the conduct of Defendants was in reckless disregard of Plaintiff's rights under the ADA. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the ADA.

Plaintiff must prove by a preponderance of the evidence that Defendants' managerial employees or officers acted in reckless disregard of Plaintiff's right not to be discriminated against. You should not, however, award Plaintiff punitive damages if Defendants prove that they made a good faith effort to implement and enforce an antidiscrimination policy under the ADA.

If you find that punitive damages are appropriate under the ADA, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, under the ADA, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages under the ADA, you should consider the following factors:

- the reprehensibility of Defendants' conduct;
- the impact of Defendants' conduct on Plaintiff;
- the relationship between Plaintiff and Defendants;
- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;
- Defendants' financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

If you find for Plaintiff on his claim of retaliatory refusal to recall him back to work and/or termination of his employment in violation of the clearly mandated public policy of Illinois as embodied in the Illinois Workers' Compensation Act, in addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Defendants' conduct was willful and wanton and proximately caused damage to the Plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish Defendants and discourage them and others from similar conduct.

In arriving at your decision as to the amount of punitive damages under Illinois law, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Defendants' conduct? On this subject, you should consider the following:

a)    The facts and circumstances of Defendants' conduct;
b)    The vulnerability of the Plaintiff;
c)    The duration of the misconduct;
d)    The frequency of Defendants' misconduct;
e)    Whether the harm was physical as opposed to economic; and
f)    Whether Defendants tried to conceal the misconduct.

2. What actual and potential harm did Defendants' conduct cause to the Plaintiff in this case?

3. What amount of money is necessary to punish Defendants and discourage them and others from future wrongful conduct in light of Defendants' financial condition?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by the Plaintiff.

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm Plaintiff, or which, if not intentional, shows an utter indifference to or conscious disregard for the Plaintiff's right to be free of retaliation guaranteed to him by the Illinois Workers' Compensation Act and/or Illinois law to not be subject to retaliatory discharge.

Under Illinois law, Defendants are corporations and can act only through their officers and employees. As to Plaintiff's claim for compensatory damages against Defendants, any act or omission of an officer or employee within the scope of his employment is the act or omission of Defendants.

As to Plaintiff's claim for punitive damages under the common law of Illinois against Defendants, a different rule applies. Punitive damages may be awarded against Defendants only (1) if you find in favor of Plaintiff and against Defendants on Plaintiff's Illinois common law claim, and (2) if you find that, as to the acts or omissions giving rise to Defendants' liability under the Illinois common law claim,

(a)     The corporation, through its management, authorized the doing and the manner of the act or omission; or

(b)     The employee(s) responsible for the act or omission was/were unfit, and the corporation was reckless in employing him/her/them; or

(c)     The act or omission was that of a managerial employee(s) who was/were acting in the scope of his/her/their employment; or

(d)     The corporation, through its management or a managerial employee(s), ratified or approved the act or omission.

38

There was in force in the State of Illinois at all relevant times a certain statute which provided that:

"It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act."

Section 4(h) of the Illinois Workers' Compensation Act 820 ILCS §305/4(h).

If you decide that Defendants violated the statute in question, then you may consider that fact together with all of the other facts and circumstances in evidence in determining whether and to what extent, if any, Defendants intentionally violated Plaintiff's rights.