**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Richard J. Jankowski, | |
| Plaintiff, | Case No. 3:16-cv-50103 |
| v. | Honorable Iain D. Johnston |
| Dean Foods Company and Dean Dairy Holdings, LLC, | |
| Defendants. | |

**Memorandum Opinion and Order**

On October 16, 2019, this Court entered a jury verdict in this case in favor of Plaintiff in the amount of $3,316,443. Dkts. 177–78. Defendants then moved for judgment notwithstanding the verdict but entered bankruptcy proceedings shortly thereafter. Dkts. 179–82. In an effort to collect the judgment, Plaintiff filed a citation to discover assets on several third-party insurance companies,[1] dkt. 202, as well as motions for conditional judgment against the same insurance companies, dkts. 203–07.

Federal Rule of Civil Procedure 69 provides that writs of execution to enforce money judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The State of Illinois provides such procedure under 735 Ill. Comp. Stat. 5/2-1402 and Illinois Supreme Court Rule 277. Section 2-1402 entitles a judgment

---

[1] Those insurance companies are Markel Service, Inc., Markel Insurance Co., Markel Global Reinsurance Co., Markel Bermuda, LTD., and Alterra Insurance USA, Inc.

creditor to "prosecute citations to discover assets for the purpose of examining the judgment debtor *or any other person* to discover assets or income of the debtor" that are not otherwise exempt. 735 Ill. Comp. Stat. 5/2-1402(a) (emphasis added). The statute further provides for precise language that must be included and explains that any "procedure for conducting citation proceedings shall be proscribed by rules." *Id.* Illinois Supreme Court Rule 277 governs those proceedings.

Notably, the insurance companies Plaintiff seeks information from are not parties to this suit. Nor have they ever been. But section 2-1402 allows Plaintiff to issue investigatory citations to third parties that it believes has information regarding assets of the judgment debtor. *JPMorgan Chase Bank v. PT Indah Kiat Pulp & Paper*, No. 02 C 6240, 2012 U.S. Dist. LEXIS 83593, at *4 (N.D. Ill. June 14, 2012). Here, the assets in question are proceeds from insurance policies. Therefore, the citation to discover assets issued to third-party insurance companies is the proper procedure and creates supplementary proceedings pursuant to the above state statute and rule.

The third-party insurance companies are directed to respond to the citation to discover assets with any information regarding assets owned by Defendants Dean Foods Co. and Dean Dairy Holdings, LLC, if such assets do exist. At this time, the Court states no opinion regarding whether the purported insurance policies cover the judgment in this case because those insurance policies have yet to be analyzed. The third-party insurance companies must be given a chance to be heard.

Plaintiff's motions for conditional judgment [203–07] are granted. Judgment is conditioned on the outcome of the supplementary proceedings to discover assets. Plaintiff is directed to serve copies of the citation to discover assets on the third-party insurance providers with a copy of this order attached. The third-party insurance providers—Markel Service, Inc., Markel Insurance Co., Markel Global Reinsurance Co., Markel Bermuda, LTD., and Alterra Insurance USA, Inc.—will respond within thirty days of service. If the insurance companies challenge the citation and the underlying assumption that they have information on—or possession of—the judgment debtor's assets, then the Court will set a date for a hearing pursuant to Illinois procedure.

Date: February 17, 2021

Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division