IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD J. JANKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-50103 |
| | ) | |
| DEAN FOODS COMPANY, and DEAN DAIRY HOLDINGS, LLC, | ) ) | Honorable Judge Iain D. Johnston |
| | ) | Magistrate Judge Lisa A. Jensen |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARKEL BERMUDA, LTD., | ) | |
| | ) | |
| Respondent. | | |

**MOTION FOR JUDGMENT**

NOW COMES Plaintiff, Richard J. Jankowski, by and through his counsel, Timothy J. Coffey of The Coffey Law Office, P.C., and respectfully moves this Honorable Court to enter a Judgment against Respondent, MARKEL BERMUDA, LTD., and in support thereof states as follows:

1. On December 18, 2020, this Court entered an Amended Judgment in this matter in the amount of $5,066,286, all of which remains unsatisfied. R. #201.

2. On December 30, 2020, Plaintiff served the Respondent with a Third Party Citation to Discover Assets related to the Amended Judgment.

3. Respondent failed to file an Answer to same, failed to appear on the return date (January 29, 2021 at 10 am, remote via Zoom), and has failed to date to produce any of the documents requested in the original Rider attached to the Citation or the

Supplemental Rider, or otherwise respond.

4. On February 17, 2021, this Court granted Plaintiff's motion for conditional judgment against Respondent conditioning the judgment on the outcome of the supplementary proceedings to discover assets. Plaintiff was directed to serve copies of the citation to discover assets and rider on Respondent along with a copy of the Court's order. Respondent was ordered to respond within thirty days of service. This Court further ordered that if Respondent challenged the citation and the underlying assumption that they have information on or possession of the judgment debtor's assets, then the Court will set a date for a hearing pursuant to Illinois procedure. R. #216.

5. On March 10, 2021, Plaintiff served Respondent as directed by the Court both at its Illinois address registered with the Illinois Department of Insurance, i.e., 10275 W. Higgins Rd., Ste. 750, Rosemont, IL 60018, as well as via the Director of the Illinois Dept. of Insurance pursuant to Section 5/213 of the Illinois Insurance Code (215 ILCS § 5/213), along with payment of the statutory fee.

6. On March 19, 2021, Plaintiff filed his "Attorney Declaration of Service" attaching proof of service on Respondent. R. #218.

7. Respondent has been properly served with the aforementioned papers and process pursuant to Section 5/123 of the Illinois Insurance Code which states in relevant part as follows:

> Sec. 123. Service of process upon an unauthorized foreign or alien company.
>
> > (1) The purpose of this Section is to subject unauthorized foreign and alien companies to the jurisdiction of courts of this State in actions by or on behalf of insureds, reinsureds, or beneficiaries under insurance or reinsurance contracts. The Legislature declares that it is a subject of concern that many residents of this State or corporations authorized to do business in this State hold policies of insurance or reinsurance issued by

companies not authorized to do business in this State, thus presenting to such residents or corporations authorized to do business in this State the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. In furtherance of such State interest, the Legislature herein provides a method of substituted service of process upon such companies and declares that in so doing it exercises its power to protect its residents and corporations authorized to do business in this State and to define, for the purpose of this statute, what constitutes doing business in this State, and also exercises powers and privileges available to the State by virtue of Public Law 15, 79th Congress of the United States, Chapter 20, 1st. Sess., S. 340, as amended, which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states.

(2) Any of the following acts in this State, effected by mail or otherwise, by an unauthorized foreign or alien company: ***(a) the issuance or delivery of contracts of insurance or reinsurance to residents of this State or to corporations authorized to do business therein,*** (b) the solicitation of applications for such contracts, (c) the collection of premiums, membership fees, assessments or other considerations for such contracts, or (d) any other transaction of business, is equivalent to and shall constitute an appointment by such company, of the Director and his or her successor or successors in office, to be its true and lawful attorney upon whom may be served all lawful process in any action or proceeding against it, arising out of such policy or contract of insurance or reinsurance, and the acts shall be a signification of its agreement that any such process against it which is so served shall be of the same legal force and validity as if served upon the company.

(3) Service of such process shall be made by delivering and leaving with the Director a copy thereof and the payment to the Director of the fee prescribed by this Code. The Director shall keep a record of all process so served upon him or her. Such process shall be sufficient service upon such foreign or alien company provided notice of such service and a copy of the process are, within 10 days thereafter, sent by certified or registered mail by the plaintiff's attorney of record to the defendant at the last known principal place of business of the defendant, and the defendant's receipt and the plaintiff's attorney's affidavit of compliance herewith are filed with the Clerk of the Court in which such action is pending on or before the return date of the process or within such further time as the court may allow.

8. This Court has jurisdiction over Respondent by virtue of Illinois long-arm statute, 735 ILCS § 5/2-209, which states in relevant part:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;
(2) The commission of a tortious act within this State;
(3) The ownership, use, or possession of any real estate situated in this State;
***(4) Contracting to insure any person, property or risk located within this State at the time of contracting; . . . .***

(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:

(1) Is a natural person present within this State when served;
(2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served;
(3) Is a corporation organized under the laws of this State; or
(4) Is a natural person or corporation doing business within this State.

9. Respondent or one of its predecessor companies contracted for and issued Employment Practices Liability insurance policies to Defendant Dean Foods Company for annual terms on at least eight (8) occasions from July 2009 to June 2020, knowing that Dean Foods was authorized to do business in Illinois and in fact conducted significant business in Illinois at numerous milk processing/production and other facilities throughout the state whereat it maintained and employed a work force of thousands of employees.

10. Despite such proper service and jurisdiction, Respondent has failed and refused to answer the Citation to Discover Assets, produce any of the documents requested in the original or supplemental riders, or otherwise participate or appear in this matter.[1]

---

[1] Both Chicago and Bermuda-based counsel for Respondent have communicated with counsel for Plaintiff. A copy of Bermuda counsel's March 13, 2021, letter and "Claim Form" is attached hereto. On March 25, 2021, Plaintiff's counsel replied and reiterated his request that Respondent supply the documents requested in the riders to the Citation as well as other documents mentioned in counsel's March 13th letter subject to and without waiving Respondent's claimed jurisdictional and other defenses.

11. On April 13, 2021, concurrent with filing this motion, Plaintiff served a copy of this motion on Respondent in the same manner as noted above, and also e-mailed a copy to the local and Bermuda-based counsel for Respondent.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Respondent, MARKEL BERMUDA, LTD., in the sum of $5,066,286 plus costs, and enter any other relief it deems just.

        Respectfully Submitted,
        Plaintiff, RICHARD J. JANKOWKSI,

By: /s/ Timothy J. Coffey_____
        Timothy J. Coffey, Esq.
        THE COFFEY LAW OFFICE, P.C.
        Attorneys for RICHARD J. JANKOWSKI
        The Coffey Law Office, P.C.
        330 S. Naperville Road, Suite 404
        Wheaton, IL 60187
        (630) 326-6600/(630) 326-6601(fax)
        tcoffey@worker-law.com

To date, Respondent has not replied.